UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADROO BAKHTIARI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., et al., <br><br> Defendants. | Case No. 25-cv-02521-JD <br><br> **ORDER RE REMAND** |

Plaintiffs Shadroo Bakhtiari and Kirk Alan Scott originally filed this lawsuit in Alameda County Superior Court in connection with an allegedly defective car they purchased that was manufactured and sold by defendants Nissan North America, Inc. (Nissan NA) and East Bay Infiniti, Inc., doing business as Dublin Nissan. *See generally* Dkt. No. 1-1. They allege three claims against Nissan NA under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, and a single claim for negligent repair against Dublin Nissan. *See id.* at ECF 10-15. Nissan NA removed the action to this court on diversity grounds. Dkt. No. 1. Plaintiffs have asked for the case to be remanded. Dkt. No. 16.

The remand motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing set for August 21, 2025, is vacated. The Court has written extensively on the standards governing removal, and that discussion is incorporated herein. *See California v. AbbVie, Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019); *Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.*, No. 19-cv-07824-JD, 2020 WL 5630268, at *1 (N.D. Cal. Sept. 21, 2020). The parties' familiarity with the record is assumed. Remand is denied.

Plaintiffs contend that, because defendant Dublin Nissan has its principal place of business in the City of Dublin and is a citizen of California, there is not complete diversity. *See* Dkt.

1  No. 16 at 4-8.  Nissan NA avers that Dublin Nissan is a "sham defendant" that is properly

2  disregarded for purposes of assessing diversity jurisdiction.  Dkt. No. 21 at 3-8.  The Court has

3  extensively discussed fraudulent joinder in prior orders, and the governing standards are

4  incorporated herein.  *See, e.g.*, *Healy v. FCA US LLC*, No. 20-cv-01802-DJ, 2020 WL 3868799, at

5  *2 (N.D. Cal. July 9, 2020).  Nissan NA has overcome the "general presumption against finding

6  fraudulent joinder," because there is no "possibility that a state court would find that the complaint

7  states a cause of action" against Dublin Nissan.  *Id.* (cleaned up) (citations omitted).

8        The Supreme Court of California recently stated that "tort recovery for breach of a contract

9  duty is generally barred" unless (1) "the defendant's injury-causing conduct violated a duty that is

10  independent of the duties and rights assumed by the parties when they entered the contract"; and

11  (2) "defendant's conduct must have caused injury to persons or property that was not reasonably

12  contemplated by the parties when the contract was formed."  *Rattagan v. Uber Techs., Inc.*, 17

13  Cal. 5th 1, 20-21 (2024).  The sole claim alleged against Dublin Nissan is one for negligent repair,

14  and the only plausible duty Dublin Nissan could have owed to plaintiffs in this regard was one that

15  arose from plaintiffs' warranty or their entering into a contract for the repair of the vehicle.  *See*

16  *also* Dkt. No. 1-1 at ECF 8 ("These causes of action arise out of warranty and repair

17  obligations.").  In light of *Rattagan* and the precedents on which it relies, there is no possibility a

18  state court would find the complaint, as drafted, states a claim against Dublin Nissan, and it is

19  properly disregarded for diversity purposes.

20        Plaintiffs say that Nissan NA's removal was untimely, Dkt. No. 16 at 3-4, but the objection

21  is too little too late.  Congress has provided that procedural objections to removal "must be made

22  within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c); *see Northwest Cal.*

23  *Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

24  Nissan NA filed its notice of removal on March 13, 2025, Dkt. No. 1, and plaintiffs did not raise

25  timeliness as a removal defect until their June 30, 2025 motion, Dkt. No. 16.  Consequently,

26  Nissan NA's alleged untimeliness is not a basis for remand.

27        Plaintiffs finally contend that Nissan NA did not meet its burden of demonstrating that the

28  amount-in-controversy requirement for diversity jurisdiction is met.  *See id.* at 9-11.  The point is

United States District Court
Northern District of California

not well taken. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Plaintiffs squarely alleged the vehicle's purchase price was $68.992.56, and in the prayer for relief, the complaint requested "recission of the purchase contract and restitution of all monies expended," "[a] civil penalty in the amount of two times Plaintiffs' actual damages," and "reasonable attorney's fees and costs." Dkt. No. 1-1 at ECF 9, 15. Just based off the alleged purchase price and civil penalties, the amount at stake in this case is over $200,000, "which is comfortably above the diversity requirement." *Boone v. FCA US LLC*, No. 21-cv-01591-JD, 2021 WL 5331440, at *1 (N.D. Cal. Nov. 16, 2021); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (amount in controversy includes all remedies provided by law, "whatever the likelihood that [plaintiffs] will actually recover them"). That is the case without considering the additional damages the complaint seeks or the $20,000 in attorney's fees that counsel estimated in their August 2024 case management statement. *See* Dkt. No. 21-5 at 7. "[Plaintiffs] have not shown to a legal certainty that they will recover less than the $75,000 threshold amount." *Boone*, 2021 WL 5331440, at *2 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).

**IT IS SO ORDERED.**

Dated: August 15, 2025

JAMES DONATO
United States District Judge